UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-182-FDW

| | |
|---|---|
| TOMMY WAYNE HARRIS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| LEWIS SMITH, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on an initial review of the petition for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2254. For the reasons that follow, Petitioner's Section 2254 petition will be dismissed.

## I. BACKGROUND

According to his verified § 2254 petition, the Petitioner is a prisoner of the State of North Carolina following his conviction in McDowell County Superior Court on September 2, 2008, on three counts of second-degree sexual offense. Petitioner was sentenced to 116-149 months and he did not file an appeal from his judgment. Instead, on or about July 11, 2012, Petitioner mailed a motion for appropriate relief ("MAR") to the McDowell County Superior Court, and this was denied by the superior court on August 27, 2012. Petitioner appealed the denial to the North Carolina Court of Appeals and his appeal was denied on September 17, 2012. (Doc. No. 1 at 6).

In this present § 2254 motion, Petitioner contends that he is entitled to relief based on recent decisions from the Supreme Court of the United States: Missouri v. Frye, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, 132 S. Ct. 1376 (2012). Petitioner argues that the Supreme Court

1

announced a new rule of constitutional law in these cases, namely, that the Sixth Amendment entitles a defendant to effective assistance of counsel during the plea bargaining process, and this new rule is retroactive to cases on collateral review. (1:13-cv-182, Doc. No. 1 at 14).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides for a one-year period of limitation for the filing a petition for a writ of habeas corpus by a person in custody pursuant to a State court judgment. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from timely filing;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).[1]

### A. Statute of Limitations

Petitioner's state judgment became final on or about September 16, 2008, following the expiration of his time to file a direct appeal to the North Carolina Court of Appeals. 2009. See 28 U.S.C. § 2244(d)(1)(A) (providing that the one-year time period begins to run from "the date on

---

[1] Rule 4 of the Rules Governing Habeas Proceedings commands district courts to examine a habeas petition and "if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition" without requesting an answer from the respondent." Rule 4, 28 U.S.C.A. foll. § 2254.

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Petitioner therefore had until September 16, 2009, in order to file this § 2254 motion, and he did not file it in this Court until on or about June 27, 2013. Petitioner contends, however, the his § 2254 motion is timely because it was filed within one year of the date the Supreme Court filed its opinions Frye and Cooper. See (Doc. No. 1 at 17). Petitioner's argument regarding the impact of these decisions is misplaced. In considering the effect of these decisions, courts have widely held that these cases are not retroactive to cases on collateral review because they did not announce a new rule of constitutional law. Rather, these cases simply discussed the constitutional right to effective assistance of counsel in the context of plea bargaining that defendants have enjoyed for decades. See, e.g., In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012); In re King, 697 F.3d 1189 (5th Cir. 2012) (per curiam opinion agreeing with the holding in the Eleventh Circuit's opinion in the case of In re Perez).

Petitioner did not seek relief from his State judgment until July 2012, and while a properly filed state MAR could serve to toll the one-year statute of limitations, an untimely MAR, as in the present case, does not serve to restart the one-year statute of limitations. See 28 U.S.C. § 2244(d)(2) (providing that that "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any limitation under this subsection."). See also Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (noting that State collateral proceedings initiated after the one year period of time has expired do not serve to revive the filing period).

The Court finds that based on the foregoing, Petitioner's Section 2254 motion is untimely and is due to be dismissed unless Petitioner can demonstrate that he is entitled to equitable

tolling. See, e.g., Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (the Court may sua sponte dismiss a § 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1)."); Erline Co. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (noting ability of the court to raise affirmative defenses sua sponte).

B. Equitable Tolling

An untimely § 2254 petition can be considered on the merits if the petitioner successfully "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). After considering Petitioner's § 2254 petition, the Court finds that Petitioner cannot meet the threshold to support a finding of equitable tolling. Petitioner's claim of ineffective assistance of counsel must have been known to him prior to entering his plea of guilty in September 2008, and as noted, the Supreme Court decisions cited by Petitioner do not present a new rule of constitutional law.

In sum, Petitioner cannot meet the rigorous standard to support equitable tolling of the statute of limitations under the AEDPA, and this habeas proceeding will be dismissed.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** as untimely. (Doc. No. 1).

2. Petitioner's motion for appropriate relief is **DENIED**. (Doc. No. 2).

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

4. The Clerk of Court is directed to close this civil case.

Signed: July 1, 2013

Frank D. Whitney
Chief United States District Judge